# N. Y. SUPERIOR COURT.

ARTHUR SEWELL agt. BRAYTON IVES, as president of the New York Stock Exchange.

*New York Stock Exchange—Illegal expulsion of member—Liability of Exchange for proceeds of sale of seat — Seat of member property.*

The plaintiff having been expelled from membership of the New York Stock Exchange upon an accusation of "obvious fraud," and the court having held such expulsion to be illegal. In the meantime, the defendant, treating the plaintiff as effectually expelled, sold his seat and appropriated the proceeds to the payment of his creditors in the exchange:

*Held*, that the exchange, sued in the name of its president, is liable to plaintiff for the amount of the proceeds realized for such seat.

The New York Stock Exchange being composed of more than seven persons, owning and having an interest in property in common, and who

Sewell agt. Ives.

would be liable to an action on account of such ownership and interest, this action being brought by the plaintiff, a member, in relation to his interest in that property, is properly brought against the defendant as president.

The property wrongfully taken or appropriated by the defendant in satisfaction of a demand against the plaintiff, as owner, cannot be set up in bar or in mitigation of damages suffered by him.

Thë seat of a member in the Exchange is property in every proper sense of the term, and can be sold, and is transferrable as any other species of property having actual value as such.

*Special Term, May,* 1881.

THE action is brought to recover damages for the sale of plaintiff's seat as a member of the New York Stock Exchange.

The Stock Exchange is a voluntary unincorporated association of a thousand members, and the defendant is sued as president of it. The plaintiff, on the 31st of December, 1877, was suspended under article 14 of the constitution of the Exchange for failing to meet his contracts.

The association, in January, 1878, attempted to expel the plaintiff upon an accusation of "obvious fraud," and in an action between the same parties this court adjudged and decided that his expulsion was illegal and void. The defendant, treating the plaintiff as effectually expelled under article 20 of its constitution, in April, 1878, sold his seat and appropriated the proceeds to the payment of his creditors in the exchange.

*Roger A. Pryor* and *J. S. Logan,* for plaintiff.

*Robert Sewell* and *F. F. Marbury,* for defendant.

SPEIR, *J.*— It has been decided by this and other courts that the seat of a member in the Exchange was property in every proper sense of the term and could be sold, and was transferrable as any other species of property having actual value as such. The price realized by the defendant was $4,000, which

Sewell agt. Ives.

is proof of its then value. It was proved, and the court on the former trial found that the plaintiff paid, on his admission to the board, for his seat, $2,000.

The New York Exchange being composed of more than seven persons, owning and having an interest in property in common, and who would be liable to an action on account of such ownership and interest, this action, being brought by the plaintiff, a member, in relation to his interest in that property, is properly brought against the defendant, as president.

Although the plaintiff is a suspended member of the New York Exchange, it having been held and decided by this court that his alleged expulsion therefrom was void and of no effect, it clearly follows that the sale of his seat by the board having been made solely upon the ground of his wrongful expulsion, the Exchange have become by that act responsible to the plainfor any injury or damage done thereby. It is not disputed that the sale was made by the defendant, and that it realized thereon the sum of $4,000.

It is claimed that the proceeds of this sale were applied to the payment of the plaintiff's debts in the Exchange, and that such payment is in mitigation of damages if not in bar to the action. If this be so it must be upon the assumption that the defendant had authority to dispose of the seat, and to receive and appropriate the proceeds of the sale to his creditors. Under the facts in the case no such authority is shown, nor can any be inferred, as all the proceedings on defendant's part were wholly illegal and void. The property wrongfully taken or appropriated by the defendant in satisfaction of a demand against the plaintiff as owner cannot be set up in bar or in mitigation of damages suffered by him. The first objection urged against the plaintiff's right to recover is that the action was for the conversion of personal property, commonly known as an action of trover. The declaration tersely sets out " that the plaintiff was owner and entitled to the possession of a seat in the association of the value of $10,000; that the defendant wrongfully and unlawfully sold said seat and

converted the proceeds to his own use to the plaintiff's damage," &c.

Now it is too plain that the defendant treated the seat of the plaintiff as his property or he could not have undertaken to sell it. It is too late to raise this objection. They are estopped by their own acts. Besides, the plaintiff's case is made out as stated in his complaint.

The second objection to the recovery is answered in the foregoing reply to the first objection. The question in this case has not been litigated in the former suit. So far as the plaintiff's rights are affected, it is the same as though he were a stranger to the defendant, and being the owner of this peculiar kind of property had it taken from him without authority of law and converted the proceeds. The amount of recovery in this action must be the amount of the proceeds recovered by the defendant, with interest. Judgment must accordingly be for the plaintiff, with costs.